# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER BARNES,
JANEL MOSER, and
KRISTINE NIMMER,

             **Plaintiffs,**

        **v.**                           **Case No. 05-C-774**

ADVANCED CALL CENTER
TECHNOLOGIES, LLC,

             **Defendant.**

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

On July 21, 2005, the plaintiffs filed a complaint alleging that Advanced Call Center Technologies ("ACCT") violated 15 U.S.C. § 1692e and 1692g(a)(1) of the Fair Debt Collection Practices Act ("FDCPA"). ACCT answered the complaint and following a period for discovery, ACCT motioned for summary judgment. The pleadings on ACCT's motion are closed and the matter is ready for resolution. This case was randomly assigned to this court and the parties have consented to the full jurisdiction of a magistrate judge.

### FACTUAL SUMMARY

The parties have stipulated as to the crucial facts in this case. ACCT is a debt collector (Stip. Facts. ¶1) and the plaintiffs are consumers (Stip. Facts ¶4), as those terms are used in the FDCPA. ACCT was attempting to collect debts for MBNA America Bank, N.A. ("MBNA") (Stip. Facts ¶5) when it sent letters included as Exhibits A, B, and C, to the plaintiffs. All of these letters included an amount next to the words "CURRENT AMOUNT DUE." (Stip. Facts Ex. A, B, and C.)

These amounts represented the amount past due on the plaintiffs' accounts (Stip. Facts ¶¶8, 18, 28) and not the total amount owed (Stip. Facts ¶¶ 9, 19, 29). If the plaintiffs paid these listed amounts, the balance on the plaintiffs' credit cards would not be reduced to zero. (Stip. Facts ¶¶15, 25, 35.) ACCT was not instructed by MBNA to collect the total balance owed. (Stip. Facts ¶¶14, 24, 35.)

The letters all contain the following statements: "This account has been listed with out office for collection." (Stip. Facts ¶¶10, 20, 30.) "If paid in full to [MBNA America or Bankcard Services], all collection activity will be stopped. All payments should be made directly to [MBNA America or Bankcard Services] using the enclosed envelopes. Do not send payments to this office." (Stip. Facts ¶¶11, 21, 31.)

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Stip. Facts ¶¶ 12, 22, 32.) None of the plaintiffs contacted ACCT within 30 days of receiving the notice. (Stip. Facts ¶¶13, 23, 33.)

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted when there are no genuine issues as to material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As provided under Rule 56(c), only "genuine" issues of "material" fact will defeat an otherwise "proper" motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Material facts are those facts that under the governing substantive law might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute of such material

2

facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325.  Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

If the moving party meets its burden, the nonmoving party then has the burden to present specific facts showing that there is a genuine issue of material fact. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

## ANALYSIS

### Amount of the Debt

Debt collectors are required to make certain disclosures, which are set forth in 15 U.S.C. § 1692g(a).

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the

3

notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

The parties' dispute focuses upon whether ACCT complied with subsection (1) by including "the amount of the debt" in its letters to the plaintiffs. ACCT argues that it complied with this obligation by stating the past-due amount, which was the only amount then due and the only amount ACCT was authorized to collect. The plaintiffs argue that ACCT was obligated to also include the total amount owed in addition to the amount past due or only the total amount owed.

The plaintiffs' arguments rest largely upon three cases. In Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000), the debt collector was attempting to collect a mortgage debt and included the amount of the unpaid principal but then stated

this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures.

Id. at 875. The Seventh Circuit held that the debt collector failed to comply with 15 U.S.C. § 1692g(a)(1).

In Olson v. Risk Mgmt. Alternatives, Inc., 366 F.3d 509 (7th Cir. 2004), the debt collector sent the debtor a letter that listed both the overall balance and the amount presently due. Id. at 513. The debtors sued, arguing that the debt collector failed to state the amount of the debt and that by including both numbers, the notice was confusing. Id. The Seventh Circuit quickly dismissed the plaintiff's allegations finding that even the unsophisticated consumer could understand the letter. Id.

Finally, in Chuway v. Nat'l Action Fin. Servs., 362 F.3d 944 (7th Cir. 2004), the debt collector sent a letter that stated

> that the "balance" is $ 367.42. The letter adds that the company "has assigned your delinquent account to our agency for collection. Please remit the balance listed above in the return envelope provided. To obtain your most current balance information, please call 1-800-916-9006. Our friendly and experienced representatives will be glad to assist you and answer any questions you may have."

Id. at 947.

The Seventh Circuit held that the additional language instructing the debtor to call to obtain the most current balance was potentially confusing; however, "if the letter had stopped after the "Please remit" sentence, the defendant would be in the clear." Id. The debt collector had been hired to collect only the past due amount rather than the entire balance. Id. However, the debtor may have called the phone number and been provided information as to the entire balance owed and mistakenly believed that the entire balance must be paid to avoid being sued. Id. at 947-48.

In the opinion of this court, none of these cases support the plaintiffs' position. Miller is readily distinguishable.  In that case, the debt collector was actually attempting to collect an unspecified amount in addition to the amount of the debt stated in the letter.  In the present case, ACCT sought only the amount stated in the letters.

5

Olsen is also of no benefit to the plaintiffs.  In no way does Olsen stand for the proposition that debt collectors are required to include both the amount of the debt past due and the total balance.  The Seventh Circuit simply held that including such additional information does not confuse debtors and does not violate the FDCPA.

Finally, the Seventh Circuit explicitly stated that the letter in Chuway would have been acceptable under the FDCPA if it had not included the additional language instructing the debtor to call a phone number for the current account balance.  The letters at issue in the present case stop after simply stating the amount owed, and therefore, in the words of the Seventh Circuit, ACCT is "in the clear." Chuway, 362 F.3d at 947.

Plaintiffs argue that ACCT should have stated only the amount of the entire debt.  If it had done that, this court believes that approach would have been more likely to confuse a debtor.  If the letter had stated only the amount of the entire debt, it is possible that the debtor would mistakenly believe that the entire balance must be promptly paid to avoid being sued.  In such a case, the debtor may likely be unaware that his immediate obligation was substantially less than the entire balance stated. This misunderstanding as to a debtor's present obligation was precisely the result that the Seventh Circuit sought to avoid in Chuway.

In Chuway, the Seventh Circuit held the FDCPA was violated when there was merely the possibility that a debtor may call a number, be told his entire account balance, and then mistakenly believe that the entire amount was due.  However, in the present case, the plaintiffs argue for an action where the potential for confusion would be more direct; the face of the letter would directly state that the debtor owed more than he did.  Thus, only if the debtor was independently fully aware of the amount he presently owed, as well as the terms and conditions of his credit agreement, would he be likely to disbelieve what was unambiguously stated in the collections letter.

It is clear that avoiding debtor confusion is a substantial rationale behind the FDCPA, see 15 U.S.C. § 1692(a) and (e); § 1692e; <u>McMillan v. Collection Professionals Inc.</u>, 455 F.3d 754, 758-59; therefore, this court does not believe that Congress could have possibly intended to require debt collectors to disclose information that is more likely to confuse a debtor.  Based upon the Congressional intent evident from the text of the FDCPA and the case law interpreting the FDCPA, this court concludes that a debtor would be confused or misled if debt  collectors were required to disclose only the amount of the entire debt when, in fact, only a portion of that debt is past due, presently owed, and potentially immediately recoverable by way of a law suit.  Thus, this court does not believe that "the amount of debt," as that term is used in  §1692g(a)(1), could mean the entire account balance when only a portion of that balance is presently owed and subject to collections. Therefore, the defendant's motion for summary judgment regarding the plaintiffs' claim that ACCT violated the § 1692g(a)(1) shall be granted.

### False Statements

The plaintiffs also allege that ACCT violated the FDCPA by falsely stating that all collection activity will be stopped if the debtor paid the "Current Amount Due." (Compl. ¶¶19-20.) The parties agree that each of the letters stated, "If paid in full to [MBNA America or Bankcard Services], all collection activity will stopped." (Stip. Fact. ¶¶11, 21, 31.) The parties also agree that ACCT was not authorized by MBNA to collect any more than the amounts stated as being the current amounts due. (Stip. Fact. ¶¶14, 24, 34.)

The plaintiffs argue "[t]his statement is objectively false.  Paying the 'Current Amount Due' (as requested in the letters) would leave a debt owed to MBNA America, which it would be legally entitled to collect. Moreover, MBNA would eventually engage in collection activities to recover it. The defendant has stipulated that the paying the 'Current Amount Due' would not satisfy the entire MBNA debt." (Resp. 10.)

Alternatively, the plaintiffs argue

> an unsophisticated consumer would undoubtedly understand these statements to mean that payment to MBNA of the "current amount due" would halt collection activity, when in fact, MBNA would still be entitled to collect the remainder of the balance owed to it, through ACCT or otherwise. *Olson*, 366 F.3d at 512-13; *Miller*, 214 F.3d at 875-76. The letters are rendered even more confusing because some unsophisticated consumers would realize that the amount ACCT was attempting to collect was less than the balance owed to MBNA. Yet there is no explanation of this contradiction; thus the letters are confusing as a matter of law.

(Resp. 11.)

This court does not believe that the statements contained in the letters are false or liable to confuse even an unsophisticated debtor. There is no evidence to suggest that, in fact, collection activity would not have stopped if the "current amount due" had been paid. The plaintiffs argue merely that the statement is false because collection activity may be resumed at some future point. The plaintiffs seem to imply that subsequent collection activity was somehow inevitable. However, the court is presented no evidence to indicate that collection activity was certain to resume. In order for collection activity to resume after full payment of the amount currently due, thus bringing the account current, a new default would be required and this would be an event entirely discrete from the collection activity referenced in ACCT's letter. The mere possibility of a future default and collection activity resuming does not affect the truth of the statement that collection activity would stop upon the payment of the current amount due.

The parties agree that ACCT was authorized by MBNA to collect only the current amounts due and ACCT possessed no authority to continue the collection process to collect amounts not yet due. Thus, the plaintiffs have set forth no facts that would permit a finder of fact to conclude that ACCT's statement was false in that the collection process would not have stopped upon payment of the current amount due.

8

Additionally, the statement that collection activity would stop if the current amount due was paid is not confusing, even to an unsophisticated debtor. The hypothetical unsophisticated debtor is not completely ignorant. Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1060 (7th Cir. 2000). Rather, the unsophisticated debtor "possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses 'reasonable intelligence,' and is capable of making basic logical deductions and inferences." Id. This hypothetical person "may tend to read collection letters literally, [but] he does not interpret them in a bizarre or idiosyncratic fashion." Id. (citing White v. Goodman, 200 F.3d 1016, 1020 (7th Cir. 2000); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997)). "[A] statement will not be confusing or misleading unless a significant fraction of the population would be similarly misled." Id. (citing Gammon v. GC Servs. Ltd. Partnership, 27 F.3d 1254 (7th Cir. 1994) (Easterbrook, J., concurring)). Finally, debt collectors are not liable for "'unrealistic or peculiar interpretations' of collection letters." McMillan v. Collection Professionals, Inc., 455 F.3d 754, 758 (7th Cir. 2006) (quoting Gammon, 27 F.3d at 1257).

It is only if ACCT's letters are subjected to unrealistic or bizarre interpretations could they possibly be regarded as confusing. Even an unsophisticated debtor can understand that "collection activity" has a connotation that is distinct from the ordinary obligation to pay. The phrase is readily understood as encompassing the conduct of a third-party debt collector or collections agency and is specifically the type of conduct regulated by the FDCPA. If an account is current and a creditor sends monthly statements and expects timely payment, no one would appropriately consider this to be "collection activity."

It is also entirely irrational for an unsophisticated consumer to interpret the letter to mean that payment of a past due amount would somehow forgive the balance not currently due. As stated above, the debtor's ordinary obligation is to pay the debt with regular periodic payments. Such

9

payments could not be understood as "collection activity." Thus, the promise to cease all "collection activity" could not be interpreted to mean an end to the obligation to make regular payments.

The letter's meaning is plain from its face and the parties have presented no evidence that would indicate that ACCT intended anything other than what is plainly written. Therefore, as a matter of law, the notice was not confusing, and ACCT's motion for summary judgment shall be granted.

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment is **granted**. The clerk shall enter judgment dismissing the complaint and this case with prejudice.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for class certification is **denied as moot**.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2006.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge